**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------x

PETER JAGER,                                      Index No.:13-CV-614 (LLS)

      Plaintiff,

  -against-

BOSTON ROAD AUTO MALL, INC.,

      Defendant,
----------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIALSUMMARY JUDGMENT**

Kasell Law Firm
Attorneys for Plaintiff
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668

## PRELIMINARY STATEMENT

The Truth in Lending Act ("TILA") imposes strict liability on creditors that do not use required verbiage or make required disclosures in a particular manner about the credit terms being offered. Boston Road Auto Mall, Inc. ("BRAM") delivered disclosures to Peter Jager ("Jager") without including required wording and without using the required manner of disclosure for credit terms being offered to Jager. Consequently, BRAM violated TILA and is subject to strict liability for its violations.

## STANDARD OF REVIEW

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing specific evidence from the record. Fed. R. Civ. P. 56(c)(1)(A).

Parties opposing a summary judgment motion must show sufficient evidence to raise a *genuine* issue as to a *material* fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2509 (1986). "The mere existence of a scintilla of evidence…will be insufficient; and there must be evidence on which the jury could reasonably find for the [party opposing the motion]" Id. As such, the factual disputes cannot be feigned, they must be actual disputes supported by evidence in admissible form.

**ARGUMENT**

**JAGER IS ENTITLED TO SUMMARY JUDGMENT BECAUSE BOSTON ROAD AUTO MALL FAILED TO MAKE THE REQUIRED DISCLOSURES IN THE MANNER MANDATED BY THE TRUTH IN LENDING ACT**

**A. TILA's Purpose And Interpretation**

TILA was enacted by Congress to "ensure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit…" 15 U. S. C. § 1601(a); see also Beach v. Ocwen Fed. Bank, 323 U. S. 410, 412 118 S.Ct. 1408, 140 L. Ed.2d 566 (1998) (discussing TILA's purpose). "TILA requires that creditors provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights". Fiorenza v. Fremont Inv. & Loan, No. 08-CV-858 2008 WL 2517139 at *2 (S.D.N.Y. June 20, 2008) (internal quotation marks omitted).TILA created private rights of action as part of an scheme that created "a species of private attorney[s] general to participate prominently in enforcement. Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270, 280 (S.D.N.Y.1971)(internal quotation marks omitted).

In Ford Motor Credit v. Milhollin, 100 S.Ct. 790, 63 L.Ed.2d 22, 444 U.S. 555(1980), the United States Supreme Court discussed the deference that is given to an agency's interpretation of the statute it is charged with administering.  There, in deferring to the Federal Reserve Board, which had been charged with administering TILA, the U.S. Supreme Court noted that "[a]n agency's construction of its own regulations has been regarded as especially due that respect. Ford Motor Credit v. Milhollin, 100 S.Ct. 790, 797, 3 L.Ed.2d 22, 444 U.S. 555, 566 (1980) (citing Bowles v. Seminole Rock Co., 325

U.S. 410, 413-414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). "This traditional acquiescence in administrative expertise is especially apt under TILA, because the Federal Reserve Board played a pivotal role in "setting the statutory machinery in motion…" Id. (citing Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S.Ct.350, 358, 77 L.Ed. 796 (1933).

### B.  Jager Is Entitled To Summary Judgment In Light Of TILA's Imposition Of Strict Liability For Violations

"Consistent with its purpose, TILA is meant to be construed liberally in favor of the consumer." Schnall v, Marine Midland Bank, 225 F. 3d 263, 267 (2nd Cir. 2000)(alteration and internal quotation marks omitted). "TILA achieves its remedial goals by a system of strict liability in favor of the consumers when mandated disclosures have not been made." Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 898 (3rd Cir. 1990). "Additionally, enforcing strict technical compliance with TILA's requirements benefits not only each individual [consumer] but also the public as a whole." Taub v. World Financial Network Bank, 950 F.Supp.2d 698 (S.D.N.Y. 2013) (citing Parker v. Dekalb Chrysler Plymouth, 673 F.2d 1178, 1181 (11th Cir. 1982)). Indeed, the "court need find only a single violation of the statutory requirements to hold [a] defendant liable under TILA." Barberan v. Nationpoint, 706 F.Supp.2d 408, 422 (S.D.N.Y. 2010) (citing Clement v. Am. Honda Fin. Corp., 145 F. Supp.2d 206, 210 D.Conn. 2001). (internal quotation marks omitted).

In the case at bar, Jager has demonstrated his entitlement to summary judgment based on the plain language of the statute and based on the face of the documents provided by BRAM. See Sambolin v, Klein Sales Co., 422 F.Supp.625 (S.D.N.Y. 1976).

4

In <u>Sambolin</u>, the court granted summary judgment under TILA to the plaintiff where the defendant failed to use the words required by TILA and the implementing regulations. There, the <u>Sambolin</u> Court ruled that "Congress has determined that use of uniform terminology makes items readily identifiable and encourages comparisons. 15 U.S.C. s 1601. The adoption by the Board of required terminology is certainly an appropriate use of its rulemaking authority under U.S.C. s 1604." <u>Sambolin v, Klein Sales Co.</u>, 422 F.Supp. 625, 628 (S.D.N.Y. 1976). Similarly, in <u>Ratner v. Chemical Bank New York Trust Co.</u>, 329 F.Supp. 270 (S.D.N.Y.1971), summary judgment was granted to the consumer. The <u>R</u>atner court stated "that the basis for liability is the creditor's failure 'to disclose to any person any information…required to be disclosed…'" <u>Ratner v. Chemical Bank New York Trust Co.</u>, 329 F.Supp. 270, 280 (S.D.N.Y.1971).

Thus, Jager is entitled to summary judgment because documents prepared solely by Defendant BRAM conclusively establish that the disclosure requirements of TILA were not complied with and that the congressional scheme of strict liability under TILA was violated.

**C.  BRAM Violated TILA In A Multitude of Ways**

The Truth in Lending Act is contained in title I of the Consumer Credit Protection Act, as amended, 15 U.S.C. §§ 1601 *et seq*. The regulations implementing the statute, which are known as "Regulation Z" are codified at 12 C.F.R. § 1026.

The Pricing Recap provided by BRAM to Jager shows that BRAM violated TILA's provisions requiring: (i) disclosure of the "the total of payments" and its required descriptor; (ii) disclosure of the "total sale price" and its required descriptor; (iii)

5

segregation of key terms of the financing; (iv) disclosure of the terms "annual percentage rate" and "finance charge" more conspicuously than other terms; and (v) some form of required descriptor for the "finance charge".

1. **_BRAM's Failure To Even Mention "the total of payments" Triggers Statutory Liability_**

    Disclosure of "[t]he sum of the amount financed and the finance charge, which shall be termed the "total of payments" is mandated by 15 U.S.C. § 1638(a)(5). BRAM's violation of this section of TILA triggers statutory damages pursuant to 15 U.S.C. § 1640.

    "The *total of payments,* **using that term**, and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments" is further required by TILA's implementing regulations. Regulation Z § 1026.18(h)(emphasis added).

    BRAM violated TILA by failing to disclose the "total of payments" *using that term* because that term never appears in the Pricing Recap or any of the paperwork given to Jager, in violation of Regulation Z § 1026.18(h) and 15 U.S.C. § 1638(a)(5). Additionally, the contract delivered by BRAM plainly violated TILA by failing to deliver the required descriptive explanation of what Jager's payments would total on this transaction.

    BRAM's use of the term "Balance Due" to supply a number that equates with the total of payments must be rejected as not complying with BRAM's obligations under TILA because if Congress had wanted to require use of the term "Balance Due" or some other term instead of the statutorily required term "Total of Payments" it could have done so but chose not to. Additionally, the use of "Balance Due" without any other information or verbiage by BRAM still fails to provide the descriptive explanation required by

6

TILA's Regulation Z.

BRAM's failure is a significant one that can not be ignored under TILA's statutory scheme. In accordance with 15 U.S.C. § 1640(a)(4), Jager is entitled to an award of twice the amount of the finance charge in connection with his transaction for BRAM's failure to comply with 15 U.S.C. § 1638(a)(5). Ratner v. Chemical Bank New York Trust Co. 329 F. Supp. 270, 281 (S.D.N.Y. 1971)(holding that an award of twice the finance charge is the compelled alternative to telling Congress "we will ignore what was validly sought because the grammar, though entirely adequate, could be better." (citing Johnson v. United States, 163 F. 30, 32 (1st Cir. 1908 (Holmes , J., on Circuit)).   Thus, TILA requires that Jager be awarded $7,060.72 for BRAM's violation of the TILA because that is twice the amount of the finance charge in connection with Jager's transaction.

### 2. *BRAM Violated TILA By Never Providing The "Total Sale Price" To Jager*

Just like its failure to ever use the required term "Total of Payments," BRAM flouted TILA's requirements by never using the mandated term "Total Sale Price." 15 U.S.C. § 1638(a)(2)(B); Regulation Z § 1026.18(j).

TILA requires that the seller disclose the "Total Sale Price," using that term. 15 U.S.C. § 1638(a)(2)(B)(emphasis added). Likewise, Regulation Z § 1026.18(j), requires disclosure, in a credit sale, of the *total sale price,* using that term, and a descriptive explanation (including the amount of any downpayment) such as "the total price of your purchase on credit, including your downpayment of $__" must be provided. 15 U.S.C. § 1638(a)(2)(B); Regulation Z § 1026.18(j).

By BRAM's failure, BRAM never brought to Jager's attention that with his down-payment of $2,500; the pick-up note of $350; principal payments of $9.060.38; and

7

interest of $3,350.36 this purchase was actually going to cost Jager a total of $15,260.74.

In fact, the total amount of what Jager would be paying for this vehicle over time, including the finance charges, and including his down-payment ***never appears*** anywhere in the documents delivered by BRAM. Based on the documents supplied by BRAM Jager could have concluded that the "total sale price was (i) $9.300—the amount listed as "Sales Price" in the Pricing Recap; (ii) $11,910.38—the amount listed as "TOTAL" in the Pricing Recap; (iii) $12,590.74—the amount listed as Balance Due in the Pricing Recap; (iv) $15,260.74—the total sum of his down-payment of $2,500, the pick-up note of $350, principal payments of $9.060.38, and interest of $3,350.36; or (v) Jager could also have concluded that the Total Sale Price was some other number because, contrary to TILA, BRAM failed to disclose any "total sale price."

### 3. *BRAM Failed To Make Conspicuous Disclosure Of Key Terms Of Jager's Financing*

To achieve its goals of avoiding the uninformed use of credit and to provide meaningful disclosure of credit terms so the consumer can compare various credit terms available to him, TILA requires that the credit terms being offered be disclosed "clearly and conspicuously." <u>See</u> 15 U.S.C. § 1601; 15 U.S.C. § 1632(a), and Regulation Z § 1026.17(a).

The Official Interpretation to Regulation Z § 1026.17(a)(2)-2 provides a non-exclusive list explaining that a lender can make disclosures more conspicuous by: (i) outlining them in a box; (ii) bold print dividing lines; (iii) a different color background; (iv) a different type style.

But in the Pricing Recap given to Jager there are no boxes, bold print, dividing lines, different color background or different type styles. Simply stated, there is

nothing that might draw a person's attention to any of the terms written on the Pricing Recap.

While TILA does not detail or define what constitutes "conspicuous," the New York Uniform Commercial Code's definition provides some guidance..

> "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: Non-Negotiable Bill of lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court."

N.Y.U.C.C. §1-201(10).

New York court decisions addressing if a disclosure is conspicuous are instructive on this issue. For example, in <u>West 63 Empire Associates, LLC  v. Walker & Zanger, Inc.</u>, 107 A.D.3d 586, 968 N.Y.S. 2d 455 (1st Dept. 2013), the Appellate Division, First Department held that a disclaimer was sufficiently conspicuous where it was printed in all capital letters and dominated the conditions of sale set forth at the bottom of the invoice. Similarly, where a waiver of warranties was made in a larger type size and in all capital letters, the Appellate Division, Fourth Department determined that such a waiver was conspicuous. <u>Travelers Ins. Companies v. Howard E. Conrad, Inc.</u>, 233 A.D.2d 890, 649 N.Y.S.2d 586 (4th Dept.1996).

For the Court's convenience, and for comparative purposes, two exemplars of TILA disclosures where the requisite disclosures were made conspicuously with the required descriptors; segregated using borders, bold type -face, all-capitals; and made in such a manner as to draw attention to them are attached hereto as Exhibits "A" and "B", respectively**.**

Here, however, none of the disclosures that were provided to Jager were written in bold print; all of the terms written on the Pricing Recap are in the same font and same font size; and with the exception of "TOTAL" none of the terms is in all capital letters.

(a). BRAM violated 15 U.S.C. § 1632(a), and Regulation Z § 1026.17(a) by failing to clearly and conspicuously disclose the amount financed and to disclose the annual percentage rate and finance charge more conspicuously than other terms.

> Information required by this subchapter shall be disclosed clearly and conspicuously, in accordance with regulations of the Bureau. The terms "annual percentage rate" and "finance charge" shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identify of the creditor. Except as provided in subsection (c) of this section, regulations of the Bureau need not require that disclosures pursuant to this subchapter be made in the order set forth in this subchapter and, except as otherwise provided, may permit the use of terminology different from that employed in this subchapter if it conveys substantially the same meaning.

15 U.S.C. § 1632(a).

BRAM also violated 15 U.S.C. § 1638(b)(1) and 1026.17(a) by its failure to conspicuously segregate information required to be disclosed.

BRAM further violated TILA and Regulation Z in that BRAM failed to properly and accurately disclose the "Finance Charge" in violation of Regulation Z § 1026.18(d) and 15 U.S.C. § 1638(a)(2)(B)(3) because the documents provided by Defendant to Plaintiff never even use the term ""finance charge" and instead merely says "financing" without stating that it is a charge, and also fails to provide the required descriptor such as "the dollar amount the credit will cost you." Regulation Z § 1026.18(d).

### D. **BRAM's Failures Can Not Be Excused Under A *Bona Fide* Error Defense**

The Court should reject any argument by BRAM its failures to use required terms and descriptors should be excused or that the *bona fide* error defense under 15 U.S.C. §

10

1640 (c) applies. Any defense under 15 U.S.C. § 1640 (c) requires that BRAM show by a preponderance of the evidence that its violation was not intentional and that the violation occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. 15 U.S.C. § 1640 (c).

Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programming, and printing errors. 15 U.S.C. § 1640 (c). However, the use of a non-complying form, itself, can be said to be a failure to maintain procedures reasonably adapted to avoid such a violation.  Sambolin v. Klein Sales Co., 422 F.Supp. 625, 628 (S.D.N.Y. 1976).

In Sambolin, the court rejected the creditor's proffered *bona fide* error defense and granted summary judgment to the consumer because the document used by the creditor lacked required disclosure information and because verbiage mandated by statute had not been used. Sambolin v. Klein Sales Co., 422 F.Supp. 625, 628 (S.D.N.Y. 1976).

Similarly, in Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D.N.Y.1971), summary judgment was granted to the consumer after the court rejected a defense claimed by the creditor for *bone fide* error. In Ratner, just as in the instant matter, required disclosures were absent from the document given to the consumer.

Here, there is no evidence that any of the grounds for entitlement to the *bona fide* error defense exist.  Moreover, if the Court were to excuse BRAM's non-compliance it would eviscerate the statutory scheme by inviting creditors to not make statutorily required disclosures and hire  third-parties to fulfill the creditor's duties with no care as to whether the statute's requirements were complied with or not. Such an end-run, around the statute's requirements are not what was intended by providing a *bona fide* error

defense.

To the extent that BRAM attempts to excuse its violation by blaming the software company that it contracted with for providing a non-compliant form, BRAM must be deemed to have violated the statute. Of course, BRAM is free to sue the software company for the software company's failure to create compliant documents but that does not excuse BRAM for depriving Jager of the disclosure information that he was entitled to have and that BRAM was required to deliver to meet its obligations under TILA.

## CONCLUSION

Jager is entitled to summary judgment for BRAM's statutory violations of TILA. BRAM can not demonstrate any entitlement to a defense based on *bona fide* error. Granting summary judgment to Jager advances TILA's salutary statutory scheme of strict liability and encourages consumer protection through its mechanism of private attorneys general as devised by Congress. The Court should award Jager his statutory damages of $7,060.72 and move forward to determining the amount of attorney's fees to which Jager is entitled on his TILA claims and sever the remaining causes of action for further determination by the Court.

DATED: Long Island City, New York
       October 16, 2014

                                                Respectfully submitted,

                                                 /s/_____
                                              By: David M. Kasell, Esq.(DK-7753
                                              KASELL LAW FIRM
                                              Attorneys for Plaintiff
                                              1038 Jackson Avenue, #4
                                              Long Island City, NY 1110
                                              (718)404-6668